TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Tee Foster

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tee Foster, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>Aaron's, Inc. ; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY RELIEF PURSUANT TO 47 U.S.C. § 227, *et seq*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**Demand for Jury Trial** |

For his Class Action Complaint, Plaintiff, Tee Foster, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Tee Foster ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Aaron's, Inc. ("Aaron's" or "Defendant"). Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. The TCPA outlaws calling consumers with automated technology without their "prior express consent." 47 U.S.C. § 227(b)(1)(A). Such consent cannot be 'implied' or 'presumed' through the provision of a telephone number by some third party. Rather, prior *express* consent is that received directly from the "current subscriber" or "customary user" of the phone number. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, FCC 15-72, at ¶ 72 (July 10, 2015) ("2015 FCC Ruling").

3. The core of Aaron's business practices thwarts the TCPA. Aaron's is a publicly traded rent-to-own retailer of home and office goods such as furniture, electronics, appliances and accessories, with over 2,100 stores across the United States and Canada.[1]

4. Aaron's touts that "You Don't Need Credit at Aaron's." Rather, Aaron's 'pre-approves' anyone who can "provide a verified source of income, residence and a few personal references."[2]

---

[1] *See* http://investor.aarons.com/phoenix.zhtml?c=104698&p=irol-IRHome (last visited Aug. 14, 2015).
[2] *See* https://www.aarons.com/t-our-promise.aspx (last visited Aug. 14, 2015).

5. Indeed, Aaron's requires lease-to-own applicants to list the phone numbers of several "references." When customers fall behind with payments, Aaron's commences calling the reference-consumers with automated technology. Aaron's does so despite knowing that it received the phone numbers from its own customers, not the consumers it is calling.

6. Plaintiff is such a consumer, and seeks relief for himself and all others similarly situated for Aaron's unlawful behavior.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Tempe, Arizona.

10. Aaron's is, and at all times mentioned herein was, a Georgia business entity with a principal office address of 309 E Paces Ferry Road NE, Atlanta, Georgia 30305.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11. The TCPA regulates, among other things, the use of automated telephone dialing systems.

12. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

13. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

14. In and around July, 2015, Defendant repeatedly placed calls using prerecorded messages and an ATDS to Plaintiff's cellular telephone, 864-xxx-3454.

15. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. The calls were placed by Defendant in an attempt to collect a debt or recover rented property from an acquaintance of Plaintiff, Ms. Smith.

17. Upon information and belief, the calls were placed using a sophisticated dialing machine, which has the capacity to store lists of phone numbers and dial such numbers pursuant to a preset program and otherwise dials sequentially, and which qualifies as an ATDS under the TCPA.

18. The dialing system utilized prerecorded messages which set forth, in either a prerecorded or an artificial voice, to please hold for the next available Aaron's representative.

19. Here, Aaron's used that messaging system to call the Plaintiff. However, the Plaintiff was not Aaron's customer. He did not provide Aaron's with his phone number nor did he provide prior express consent to receive automated or prerecorded collection calls regarding anyone's account.

20. Plaintiff repeatedly asked that the calls to his number stop. The calls did not stop.

21. Absent his prior express consent, automated or prerecorded calls to the Plaintiff's cellular telephone were in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

**A. *The Class***

22. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

23. Plaintiff represents, and is a member of the following class:

> **All persons within the United States to whom Defendant or its agent/s and/or employee/s made telephone calls using an ATDS or prerecorded or artificial messages and (1) such call was to a cellular telephone number and (2) such person did not provide prior express consent to receive such a call. The class period encompasses the four year period preceding the filing of this complaint.**

24. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**B. *Numerosity***

26. Upon information and belief, Defendant has placed prerecorded or artificial calls with ATDS to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all

members is impracticable.

27. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**C. *Common Questions of Law and Fact***

28. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

b. Whether Defendant made non-emergency calls to Plaintiff and the Class members' cellular telephones using an ATDS;

c. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

d. Whether Defendant's conduct was knowing and/or willful;

e. Whether Defendant is liable for damages, and the amount of such damages; and

f. Whether Defendant should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places unauthorized automated calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. *Typicality***

30. Plaintiff's claims are typical of the claims of the Class members, as they

are all based on the same factual and legal theories.

**E. *Protecting the Interests of the Class Members***

31. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F. *Proceeding Via Class Action is Superior and Advisable***

32. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

33. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

**COUNT I**

**Violations of the Telephone Consumer Protection Act,**

**47 U.S.C. § 227, *et seq.***

34. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

35. Defendant placed multiple prerecorded or artificial calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

36. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

37. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

39. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used prerecorded voices and/or artificial voices; and
- Defendant placed calls to the Plaintiff and the Class without prior express consent.

**COUNT II**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

40. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

41. Defendant knowingly and/or willfully placed multiple prerecorded or artificial calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

42. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

43. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

45. Plaintiff and Class members are also entitled to and do seek a declaration

that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used prerecorded voices and/or artificial voices on calls to Plaintiff and the Class;
- Defendant knowingly and/or willfully obtained the cell phone numbers of Plaintiff and the Class from third parties;
- Defendant willfully placed automated calls to the Plaintiff and the Class at the numbers received from those third parties, knowing it did not have prior express consent to do so; and
- It is Defendant's practice and history to place automated telephone calls to consumers without their prior express consent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Declaratory relief as prayed for herein;
3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
5. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and
6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: August 21, 2015 LEMBERG LAW, LLC

By: _*/s/ Trinette G. Kent*_

Trinette G. Kent
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of Arizona using the CM/ECF system and that the document is available online.

By /s/ Trinette G. Kent

Trinette G. Kent, Esq.