David B. Rosenbaum, 009819
Hayleigh S. Crawford, 032326
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
(602) 640-9050 Fax
drosenbaum@omlaw.com
hcrawford@omlaw.com

Kristine McAlister Brown
(admitted *pro hac vice*)
Derin B. Dickerson
(admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000
(404) 881-7777 Fax
kristy.brown@alston.com
derin.dickerson@alston.com

*Attorneys for Defendant Aaron's, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tee Foster, *on behalf of himself and all others similarly situated*,<br><br>          Plaintiff,<br>v.<br><br>Aaron's, Inc.,<br>          Defendant. | CASE NO.: 2:15-cv-01637-SRB<br><br>**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Oral Argument Requested)** |

Defendant Aaron's, Inc. ("Aaron's") moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The authorities supporting Aaron's Motion are thoroughly set forth in the following Memorandum of Law. Pursuant to Local Rule 7.1, Aaron's is separately submitting a Proposed Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiff's Class Action Complaint ("Complaint") does not allege an actual, concrete injury that is sufficient to confer Article III standing. Plaintiff alleges a violation of the federal Telephone Consumer Protection Act ("TCPA") based on calls that Aaron's purportedly placed to his cell phone using an automatic telephone dialing

1

system ("ATDS") and/or an automated or prerecorded voice.  Plaintiff does not allege that these calls caused him any actual injury; instead, he merely alleges that Aaron's violated the TCPA when it called him.

In a recent decision, the Supreme Court confirmed that violation of a statute alone does not confer Article III standing.  In *Spokeo v. Robins*, 136 S.Ct. 1540, 1547-48 (2016), the Supreme Court made clear "that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing'" (quoting *Raines v. Bird*, 521 U.S. 811, 818 (1997)).  That holds true even when the statute at issue provides for statutory damages as the TCPA does.  *See id.* at 1545.

If the TCPA had never been enacted, Plaintiff would not have Article III standing to sue because he has not alleged a single concrete harm "divorced from" his claim that Aaron's violated the TCPA.  *Id.* at 1549.  Indeed, Plaintiff's Complaint contains no allegation that Plaintiff suffered *any* injury from the conduct alleged – much less an actual, concrete injury of the kind required to establish standing.  Under *Spokeo,* the enactment of the TCPA does not provide Plaintiff with standing he otherwise lacks.  Aaron's is therefore entitled to judgment on the pleadings.

## II.    ARGUMENTS AND AUTHORITIES

A. <u>Standard of Review</u>.

"'"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."'" *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200(9th Cir.1998))).

The standard applied to a Rule 12(c) motion is essentially the same as that applied to a Rule 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989). Thus, the allegations of the non-moving party are accepted as true. *Id*. However, conclusory allegations and

2

1  unwarranted inferences are insufficient to defeat a motion for judgment on the
2  pleadings. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir.1996).

3       An argument that a party lacks standing "may be raised at any time," including
4  in a motion for judgment on the pleadings. *See Ore. v. Legal Servs. Corp.*, 552 F.3d
5  965, 969; *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (standing may be
6  resolved on the pleadings, on summary judgment, or at trial).

7      B. <u>Plaintiff Lacks Standing to Pursue His Claims</u>.

8       The "irreducible constitutional minimum" of standing has three elements:  the
9  plaintiff must have (1) suffered an injury of fact, (2) that is fairly traceable to the
10 challenged conduct of the defendant, and (3) that is likely to be redressed by a
11 favorable judicial decision. *Id.* at 560-61.  As the party invoking federal jurisdiction,
12 Plaintiff bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas*, 493
13 U.S. 215, 231 (1990).  Where, as here, a case is at the pleading stage, the plaintiff
14 must "clearly . . . allege facts demonstrating each element." *Warth v. Seldin*, 422 U.S.
15 490, 498-99 (1975).

16      The Supreme Court's opinion in *Spokeo* last month confirmed that the bar for
17 pleading injury-in-fact is higher than Plaintiff has plead (or can plead) in this case.
18 "To establish injury-in-fact, a plaintiff must show that he or she suffered 'an invasion
19 of a legally protected interest' that is 'concrete and particularized' and 'actual or
20 imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting
21 *Lujan*, 504 U.S. at 560).  Article III's injury-in-fact component "requires a concrete
22 injury even in the context of a statutory violation." *Id*. at 1549.  "Congress' role in
23 identifying and elevating intangible harms does not mean that a plaintiff automatically
24 satisfies the injury-in-fact requirement whenever a statute grants a person a statutory
25 right and purports to authorize that person to sue to vindicate that right." *Id.*  "'It is
26 settled that Congress cannot erase Article III's standing requirements by statutorily
27 granting the right to sue to a plaintiff who would not otherwise have standing.'" *Id.* at
28 1547-48 (quoting *Raines*, 521 U.S. at 818).

Like the plaintiff in *Spokeo*, Plaintiff here has pled only that the defendant violated his statutory rights, not that he suffered concrete injury as a result. Plaintiff cannot "allege a bare procedural violation [of the TCPA], divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549. In most TCPA cases, such as this one, a procedural violation of the statute "may result in no harm." *Id.* at 1550. Plaintiffs' factual allegations are limited to eight bare boned paragraphs in his Complaint, none of which identifies any concrete harm. Dkt. 1 ¶¶ 14-21. Rather than describing an injury-in-fact, Plaintiff simply states that Aaron's called him in an attempt to collect a debt of one of his acquaintances. *Id.* ¶ 16. His factual allegations merely trace the language of the statute without describing any harm that he personally suffered that would allow him to bring suit against Aaron's. Without more these allegations do not confer standing.

## IV.   CONCLUSION

Plaintiff would not have standing to sue Aaron's without the existence of the TCPA. His lack of a concrete injury outside of any alleged procedural violation of the statute requires a finding that he lacks Article III standing. *Spokeo*, 136 S. Ct. at 1549. Aaron's is therefore entitled to a judgment on the pleadings in this matter.

Dated this 6th day of June, 2016.

> OSBORN MALEDON, P.A.
>
> By: s/ David B. Rosenbaum
> David B. Rosenbaum
> Hayleigh S. Crawford
> 2929 North Central Ave., Suite 2100
> Phoenix, Arizona 85012-2793
>
> ALSTON & BIRD LLP
> Kristine McAlister Brown (*pro hac vice*)
> Derin Dickerson (*pro hac vice*)
> 1201 West Peachtree Street
> Atlanta, Georgia  30309-3424
>
> *Attorneys for Defendant Aaron's, Inc.*

**CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on June 6, 2016, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system, which sent notice of filing to all counsel of record.

/s/Kelly Dourlein